441 F.2d 179
 UNITED STATES of America, Plaintiff-Appellee,
v.
Allan Dale KUHN and Robert Lawrence Greenwood, Defendants-Appellants.
No. 30262 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 2, 1971, Rehearing Denied April 28, 1971.
 
 Lawrence S. Katz (Court-appointed), Milton E. Grusmark (Court-appointed), Miami Beach, Fla., for defendants-appellants.
 Robert W. Rust, U.S. Atty., J. V. Eskenazi, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Appellants Kuhn and Greenwood were convicted and sentenced on their respective pleas of nolo contendere to violating 18 U.S.C.A. 2315.
 
 
 2
 The sole contention on this appeal is that the jury selection system used in the Northern District Of Florida systematically excludes a cognizable group of young adults from jury service, and that appellants were therefore denied the possibility of a fair trial, equal protection of the law, and due process as a result thereof. The system attacked is the 'Plan of the United States District Court for the Northern District of Florida, All Divisions, for the Random Selection of Grand and Petit Jurors,' adopted pursuant to the requirements of the Jury Selection and Service Act of 1968.
 
 
 3
 On May 12, 1970, the case against appellants Robery Lawrence Greenwood and Allan Dale Kuhn was called for trial, at which time their counsel orally moved to 'dismiss'[1] because of an alleged illegally constituted jury. Argument and ruling thereon were temporarily reserved. However, appellants thereafter withdrew their pleas of not guilty and entered pleas of nolo contendere to Count II of an indictment which charged them with receiving, storing and concealing stolen securities moving in interstate commerce, in violation of 18 U.S.C. 2315. Count I of the indictment, a conspiracy count, was thereupon dismissed, and the Court sentenced appellants to four years' imprisonment on Count II. Thereafter the Court heard testimony and argument on defendants' challenge to the jury selection system and denied defendants' motion to dismiss. We affirm.
 
 
 4
 We note at the outset that appellants' convictions and sentences were based on their pleas of nolo contendere and not as a result of a verdict by a jury allegedly improperly constituted. Consequently, the composition of the jury could have no possible prejudicial effect on appellants' convictions. However, in order to foreclose possible future post-conviction contentions, we specifically hold that the 'Plan' for the Northern District of Florida fully complies with the requirements of the Jury Selection and Service Act of 1968, 28 U.S.C. 1861 et seq., both as to content and its application to appellants.
 
 
 5
 The language of the 'Plan' challenged by appellants is the provision that 'Each master jury wheel shall be emptied and refilled during the period June 1-- November 30, 1971, and each fifth year thereafter.' Under the 'Plan' names of prospective grand and petit jurors are selected at random from voter registration lists. The master jury wheel was emptied and refilled on December 26, 1968, and no additional names were added between that time and May 11, 1970, the date on which this case was set for trial. Consequently, names of individuals who attained voting age in the interim period were not contained in the wheel at the time of these proceedings. Appellants contend that this constitutes a systematic exclusion from jury service of a cognizable and distinct group of 'young adults.'
 
 
 6
 There is no merit to appellants' contentions. The Jury Selection and Service Act of 1968 was drafted by the Committee on the Operation of the Jury System under authority of the Judicial Conference of the United States.[2] In order to achieve the objectives of the Act, the Committee submitted certain guidelines, which provide in pertinent part:
 
 
 7
 'The Act requires the plan to fix the times when the master jury wheel must be emptied and refilled. In most cases it is anticipated this will be every 2 or 6 years. The master wheel will then be filled once to last this entire period.'
 
 
 8
 A footnote to the quoted language states that
 
 
 9
 'In the event that not enough names were placed initially in the master jury wheel, additional names can be added from time to time as necessary. It may be burdensome to do so, however, because of the necessity of again obtaining the voter lists and making a random selection. Thus it is desirable initially to place sufficient names in the master jury wheel.'
 
 
 10
 The 'Plan' for the Northern District of Florida was drawn in accordance with the guidelines, and subsequently approved by a Reviewing Panel of this Circuit on September 10, 1968. The petit jury in the present case was selected from a panel drawn by the Clerk of Court in accordance with the 'Plan.'
 
 
 11
 It is clear that the guidelines, as demonstrated by the foregoing quoted language, emphasize the desirability of providing at each refilling of the jury wheel a sufficient number of veniremen for the entire period. It is inevitable, therefore, that for certain periods of time, a number of young adults will be excluded from jury service. The disparity between the 5-year interval in the 'Plan' and the 2-or-4-year period suggested by the Act does not invalidate the 'Plan.' The flexibility of the 'Plan' insures its workability. It specifically provides that 'The court may order additional names to be placed in the master jury wheels from time to time as necessary.'
 
 
 12
 The burden is on defendants to make a prima facie showing of the existence of discrimination or exclusion of a distinct group from jury participation. Hernandez v. State of Texas, 347 U.S. 475, 479, 74 S.Ct. 667, 671, 98 L.Ed. 866 (1954); Whitus v. State of Georgia, 385 U.S. 545, 550, 87 S.Ct. 643, 646, 17 L.Ed.2d 599 (1967); Mobley v. United States, 5 Cir., 1967, 379 F.2d 768, 771. Appellants have failed to carry their burden. There is nothing in the record to show that registered voters who had attained voting age between the time the 'Plan' became effective and the time of the proceedings below were recognizable as a class.[3] There is nothing identifiable or distinctive about young adults in the age range of 21 to 23 to set them apart from young adults aged 23 and over who were eligible for jury duty at the time in question.
 
 
 13
 The 'Plan' fully conforms to the guidelines prepared by the Committee on the Operation of the Jury System and to the declared statutory policy of the United States to afford litigants the right to be tried by juries selected at random from a fair cross section of the community. 28 U.S.C. 1861. There is nothing contained therein which could have caused a distinct group of the community to be systematically excluded so as to require reversal of appellants' convictions.
 
 
 14
 Affirmed.
 
 
 
 [1]
 Under 28 U.S.C. 1867, a defendant may move to dismiss the indictment or stay the proceedings on the ground of substantial failure to comply with the provisions of Title 28 is selecting grand or petit juries. The motion to dismiss was presumably made pursuant to this Section
 
 
 [2]
 For a general discussion and historical background of the Act, see Gewin, The Jury Selection and Service Act of 1968, 20 Mercer L.Rev. 349 (1969)
 
 
 [3]
 Young adults between the ages of 21 and 23 do not fall within any of the categories listed by Congress against whom discrimination is prohibited. 28 U.S.C. 1862 provides that 'No citizen shall be excluded from service as a grand or petit juror in the district courts of the United States on account of race, color, religion, sex, national orgin, or economic status.'