**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry Layne ALLEN, Defendant-Appellant.**

**No. 71–1550**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 15, 1971.

James F. Mulla, Jr., New Orleans, La. (court appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Robert L. Livingston, Jr., Mary Williams Cazalas, Asst. U. S. Attys., for the United States.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Allen appeals from the District Court's judgment of conviction of a violation of 50 U.S.C.A. App. § 462(a).[1] We affirm.

Allen is nineteen years old. He attacks the composition of the grand jury which indicted him because it consisted only of registered voters, who, by necessity, must be twenty-one years old. Allen urges that he was thus denied a jury of his peers in violation of the Fifth and Sixth Amendments. We disagree. Nothing identifiable or distinctive about young adults under twenty-one sets them apart from young adults over twenty-one, who are eligible for jury duty. See United States v. Kuhn

---

* [1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. Refusal to submit to induction into the Armed Forces of the United States.

and Greenwood, 5 Cir. 1971, 441 F.2d 179. There was thus no showing of discrimination or exclusion of a distinct group from jury participation. Whitus v. State of Georgia, 1967, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599; Hernandez v. State of Texas, 1954, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866.

██ Allen first asserted his claim as a conscientious objector at his induction station. This was too late. Ehlert v. United States, 1971, 402 U.S. 99, 91 S. Ct. 1319, 28 L.Ed.2d 625.

Affirmed.