**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Anthony Coleman DUKES, a/k/a Hoppy, Defendant-Appellant.**

**No. 73–1118**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

May 30, 1973.

---

3. Also appellant gave a "No" answer to question 8(a), which was false because he was then under indictment for possession of marijuana, but the giving of this statement was not charged as an offense. His explanation for answer 8(a) was that he did not understand the question.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Nicholas F. Maniscalco, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Ass't U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

Dukes appeals from his conviction of distributing a controlled substance in violation of 21 U.S.C.A. § 841(a)(1). He raises three points on appeal: (1) that he was entitled to an entrapment defense as a matter of law; (2) that the giving of a charge containing the words "unlawful entrapment" was reversible error; and (3) that the jury list was improper because it allegedly did not have on it, and made no provision for, anyone between the ages of eighteen and twenty-one. We affirm.

On September 14, 1972, two undercover narcotics agents and a confidential informer were seated in a parked car at the corner of Seventh and Peachtree Street, Atlanta, Georgia. A conversation was initiated (apparently by the informer) with Dukes, who was standing nearby and who was asked if he knew where the informer could get some heroin. Dukes said to follow him to a parking lot; he then accepted $65.00 from one of the officers, left the parking lot briefly, and returned with a quantity of heroin. On two subsequent occasions Dukes was given money by this informer and by one of the two agents, but once returned with sugar lactose and once failed to return at all.

After the Government had introduced evidence establishing the above facts and had rested, Dukes moved for

a judgment of acquittal, claiming that he was entitled to an entrapment defense as a matter of law. This motion was denied and we think properly so. The agents here were perhaps aware of possible prior criminal activities of Dukes and probably initiated the request for heroin, but this solicitation without more does not constitute improper "creative activity" by the Government. Dukes offered no evidence on the question, nor did he cross examine any of the prosecution witnesses. As such, because his predisposition to commit the crime was amply shown and not rebutted, and because he failed to introduce "overwhelming evidence of entrapment," he was not entitled to a judgment of acquittal. United States v. Groessel, 5 Cir. 1971, 440 F.2d 602, 606, cert. denied, 403 U.S. 933, 91 S.Ct. 2263, 29 L.Ed.2d 713. *See* United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

■ Although the district court did not grant a judgment of acquittal on the meager evidence relating to entrapment, it did submit the question to the jury. Dukes' second point raised on appeal is that the charge on this issue amounted to reversible error because the words "unlawful entrapment" were used several times. His position is that the concept of "lawful entrapment," while not specifically mentioned, was created in the jury's minds by a form of "negative pregnant" and that it is error to conjure up such a concept. It is true that the practice of using the phrases "lawful entrapment" and "unlawful entrapment" has been questioned as being "confusing and, perhaps, erroneous." *Groessel*, 440 F.2d at 607. We reiterate that concern, but conclude that the charge here, which contained only the phrase "unlawful entrapment," when read as a whole was not so misleading or confusing as to prejudice the rights of the accused. *See* United States v. Virciglio, 5 Cir. 1971, 441 F.2d 1295.

■ Dukes' final argument is the rather vague charge that the jury list utilized in the district court denied him the right to a public trial and due process of law because it allegedly excluded all people eighteen to twenty-one years old. To the extent that this argument is of constitutional proportions, it has been presented to the court before in similar form and was rejected. United States v. McVean, 5 Cir. 1971, 436 F.2d 1120, cert. denied, 404 U.S. 822, 92 S.Ct. 45, 30 L.Ed.2d 50. Dukes has suggested no reason for retreating from that position, but has noted that since *McVean*, Congress passed Public Law 92–269 which provides that the minimum age for federal jurors is lowered from twenty-one to eighteen. We can perceive no way that this act would require a departure from the *constitutional* decision in *McVean*.

■ The primary thrusts of Dukes' argument on this point, however, is that the Northern District of Georgia has failed to comply with the act. Public Law 92–269 was passed on April 6, 1972, and Dukes' trial was held December 13, 1972. Consequently, Dukes' position must be that in the intervening eight months between the act's passage and his trial, the district court should have supplemented its master jury wheel. Section 3 of the act makes no such requirement; instead it mandates the refilling of the master jury wheel no later than September 1, 1973, and of the qualified jury wheel no later than October 1, 1973. It then states: "Nothing in this Act shall affect the composition of any master jury wheel or qualified jury wheel prior to the date on which it is first refilled in compliance with the terms of section 3." We therefore conclude that Dukes' challenge to the composition of the jury is without merit. *See generally* United States v. Gooding, 5 Cir. 1973, 473 F.2d 425; United States v. Blair, 5 Cir. 1972, 470 F.2d 331; United States v. Pentado, 5 Cir. 1972, 463 F.2d 355; United States v. Kuhn, 5 Cir. 1971, 441 F.2d 179.

Dukes has presented no argument that warrants reversal. The decision of the district court is in all respects

Affirmed.