The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Thomas PALOMO, Defendant-Appellant.

No. 74–2253.

United States Court of Appeals, Ninth Circuit.

Jan. 6, 1975.

As Amended Feb. 21, 1975.

Howard G. Trapp, of Trapp, Gayle, Teker, Weeks & Friedman, Agana, Guam, for defendant-appellant.

Harold J. Haefer, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before KOELSCH and CARTER, Circuit Judges, and ZIRPOLI,* District Judge.

## OPINION

JAMES M. CARTER, Circuit Judge:

The defendant was convicted by a jury of attempted robbery, was sentenced, and appeals.

The appeal presents three issues:

(1) Was defendant's motion to stay proceedings under 28 U.S.C.A. § 1867, filed the day of trial, and his oral motion for inspection of juror questionnaires, properly denied?

(2) Was the juror Garrido able to read, write and understand the English language sufficiently to fill out her juror questionnaire form?

(3) Did the indictment charge an offense so that the motion in arrest of judgment was properly denied? We affirm.

## I

Defendant moved on the day of trial to stay the proceedings under 28 U.S.C. § 1867. No motion was made earlier by the defendant to inspect or secure access to the jury records.

Defendant's motion .to stay proceedings was "on the ground of a substantial failure to comply with the provisions of 28 U.S.C. § 1865(b) in selecting the petit jury." The motion was apparently pursuant to 28 U.S.C. § 1867(a). No sworn statement of facts was filed as required by 28 U.S.C. § 1867(d).

At the argument on the motion it appeared that defense counsel desired to see and use on voir dire juror questionnaires to establish that the jurors, under 28 U.S.C. § 1865, were "unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification forms."

During the argument, defense counsel made an oral motion for inspection of the juror questionnaires.

Defense counsel, in his argument, conceded he had known of possible disqualification of jurors for failure to understand the English language long before (and more than seven days before) the motion as provided in 28 U.S.C. § 1867(a).[1]

---

* Hon. Alfonso J. Zirpoli, United States District Judge, Northern District of California, sitting by designation.

1. Defense counsel stated "It has been my feeling on a number of occasions that I have had jurys [in Guam] on the civil and criminal cases, that I felt did not understand the Court's instructions or the argument of either counsel and I think there is a large problem involved. . . .

    THE COURT: When you mentioned something at the beginning of your statement that you had been aware for some time as to the non-qualification of some of the jurors—

    MR. TRAPP: I have held a personal opinion for some time and before the indictment was filed, Your Honor, and I can't think of the

Thereafter, the court permitted defense counsel to use the questionnaires of two jurors—Saicon and Garrido. The court then changed its ruling and held untimely an oral motion for inspection. The court denied further use of the juror questionnaires.[2]

Section 1867(a), 28 U.S.C., provides:

"In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." The trial court's rulings were correct.

### The Oral Motion For Inspection

■■■ Although 28 U.S.C. § 1867(a) does not control the time for such a motion, the motion here was clearly untimely under the procedures used in trial courts for the processing and trial of cases. The decision in such a situation rests in the sound discretion of the court.

■■■ The court was not required to consider his oral motion. But the denial

---

specific instances, but I have felt in a number of jury cases, not necessarily all of them . . . that the jury, because of a language problem has not understood the instructions.

\. \. \.

\*   \*   \*   \*   \*   \*

MR. TRAPP: . . . What I wish to look into is not whether the forms are filled out correctly but whether the jurors are able to read, write and understand the English language with a degree of proficiency to fill out the jury qualification forms. I have looked at the Island Court ones. . . . I have seen a number of these which were not filled out by the person who signed them, and I think that the selection process gets about the same kind of cross-section as in the District Court.

THE COURT: When did you first discover it for the qualifications?

MR. TRAPP: I have not discovered it, it's based on a suspicion trying jury cases in Guam for thirteen and a half years.

THE COURT: The Court will deny your motion. You have not presented anything to the Court which would bar it or on the grounds that it is a substantial motion.

MR. TRAPP: I am not asking the Court to rule on the motion at this time. I am only asking the Court to rule, *I am moving the Court orally to allow me to inspect the jury records* and to voir dire the jury on that point and rule on the stay of proceedings if it develops that my suspicions have been substantiated by the evidence of the jury giving its voir dire testimony under oath.

THE COURT: What is the ground of substantial failure to the Court?

MR. TRAPP: My ground is that the Court has selected jurors who are unable to read, write, and understand the English language and without satisfactorily filling out the jury qualification form. I can't take a deposition in a criminal case, or the deposition of the jurors that I can present it to the Court, or discovery the qualifications of the jurors without looking at the records and without asking a few pertinent questions of the jurors, based on the records during the voir dire.

*My motion right now, actually is to inspect the records*, although I have filed the motion to stay the proceedings. I am strictly speaking bringing it on for consideration at that time. It is premature, but the U. S. v. Beatty does allow a so-called fishing expedition to determine whether the jurors are qualified or not. That is the only way we can find out.

THE COURT: The Court will deny the motion." (Emphasis added).

2. "THE COURT: This has to do with the voir dire examination that you are conducting of the veniremen. The Court, having taken a closer look at the provisions of the statute, feels that the motion to be provided with all of the questionnaires of each and every individual juror on the jury panel, having been granted by the Court, the Court will now reverse itself and deny the defendant this right. I think what the defendant should have done, that is the defendant, through his counsel, is in preparing your motion to challenge or stay the proceedings on the ground that some of the jurors are not qualified, you should have presented some grounds, as you could have obtained the grounds for disqualifications if you had filed an earlier motion to have the records made available to you to go through all of the records. Based on whatever your discovery was, you could present the motion to stay the proceedings, but you had not made any motion prior to this morning to have all of the records available to you. The Court feels that it is very untimely at this time when all of the jurors are present, to have made your oral motion that the questionnaires be made available that you can proceed with your questioning of each and every juror on the panel at this stage of the proceedings."

of the motion was not error. The case had been set for trial long before. The morning of trial the jurors and witnesses were present and the case was ready to proceed. The denial of the motion to inspect as untimely was not an abuse of discretion.

■ *Secondly*, the defendant did not accompany his written motion for a stay with the sworn statement of facts.

### The Motion Under 28 U.S.C. § 1867(a)

*First,* the defendant's motion was made more than seven days after the discovery of the purported grounds for the motion, the time limit set forth in the section.

Section 1867(d), 28 U.S.C., provides:

"Upon motion filed under subsection (a) . . . of this section, *containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title,* the moving party shall be entitled to present in support of such motion . . . any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. . . . " (Emphasis supplied).

United States v. Beatty, 465 F.2d 1376 (9 Cir. 1972), relied on by defendant, does not control this case. That case involved subsection (f) of 28 U.S.C. § 1867, which provides in part:

"(f) The contents of records or papers used by the jury commissioner or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled . . and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and

pendency of such a motion [under subsections (a), (b) or (c)]."

Beatty moved for such inspection and the motion was denied; hence the reversal in *Beatty, supra.*

The statutory scheme is plain. The defendant, under subsection (f) of 28 U.S.C. § 1867, is entitled to inspect and copy the jury record. *Beatty, supra.*

The defendant needs this information in order to make his motion to stay or dismiss under subsection (a), 28 U.S.C. § 1867, and to support his motion by the sworn statement of facts or affidavit required by subsection (d).

To the extent that United States v. Guzmon, 468 F.2d 1245 (2 Cir. 1972), aff'g, 337 F.Supp. 140 (S.D.N.Y.1972), United States v. Deardorff, 343 F.Supp. 1033 (S.D.N.Y.1971), and United States v. Grey, 355 F.Supp. 529 (D.C.W.Okl. 1973) hold that a defendant is not entitled to discovery under subsection (f) of 28 U.S.C. § 1867 for the purpose of making and supporting his motion under subsection (d), we disagree with these cases.

After the opinion was filed in this case, the Supreme Court decided that an applicant is entitled to discovery under § 1867(f). Test v. United States, 420 U.S. 28, 95 S.Ct. 749, 42 L.Ed.2d 786 (43 U.S.L.W. 4207, 1975). Although noting that § 1867(f) "does limit inspection to 'reasonable times'", the Court found it unnecessary to consider the timeliness of the application because the issue had not been raised by the petitioner in that case. Id. at 30, 95 S.Ct. at 750 (43 U.S.L.W. at 4208 n. 4).

### II

■ There is no merit to defendant's contention concerning the qualifications of juror Garrido to serve. The record does not show her unqualified under 28 U.S.C. § 1865(b)(2). She understood and answered questions in English. She had filled out her questionnaire in English although she omitted answering the question "What is the extent of your education?" Her husband helped her answer some of the questions. Counsel asked "Did you have trouble under-

standing the questions?" Answer: "Yes, I don't finish high school." The court interrupted with its ruling in note [2], *supra*. Since neither the written motion to stay nor the oral motion to inspect were proper under the statute, there was no error.

The court denied a challenge for cause. This was not error. There is nothing in the record to show that the defense was later prevented from interrogating jurors (without the use of the juror questionnaires) on their ability to understand English.

### III

The indictment, although by no means an example of good pleading, stated an offense under Guam Penal Code § 211, and the motion in arrest of judgment was properly denied.

Section 211, Guam Penal Code, reads:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

The indictment reads:

"On or about the 15th day of October, 1973, in the Territory of Guam, Thomas Palomo did commit the offense of attempted robbery, and that the said Thomas Palomo did knowingly and feloniously attempt to take the personal property in the possession of another, [to-wit: in the possession of the Istimewa Restaurant, Tammuning, Guam] in the presence of, and against the will of the manager [of said restaurant] by means of force or fear, to-wit . . . in violation of . . . ." [Brackets inserted].

■ The motion for arrest of judgment must be based on the record, to-wit: the indictment, the plea, the verdict and the sentence. It cannot be based on the evidence, as suggested by the Government. United States v. Sisson, 399 U.S. 267, 280–282, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970); Wright, Federal Practice and Procedure, § 571, at 545.

We cannot sustain the indictment on the grounds suggested by Guam—on "the facts of the case," "the reporter's transcript," or "the extant circumstances."

■ However, the words shown in brackets above can be disregarded as surplusage. The indictment thus read contains the statutory elements of the offense. It advised the defendant of the charge, and in no way prejudiced his ability to conduct his defense. *See* United States v. Kartman, 417 F.2d 893, 894 (9 Cir. 1969); Himmelfarb v. United States, 175 F.2d 924, 936–937 (9 Cir. 1949), cert. den., 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527.

No showing of any prejudice has been made and the error, if any, was harmless.

The judgment is affirmed.