**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 14-30231 |
| v. | D.C. No. 4:13-cr-00051-BMM-1 |
| FAWN PATRICIA ANN TADIOS, *Defendant-Appellant.* | OPINION |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted December 8, 2015
Seattle, Washington

Filed May 18, 2016

Before: M. Margaret McKeown and Richard C. Tallman,
Circuit Judges and Sharon L. Gleason,[*] District Judge.

Opinion by Judge McKeown

---

[*] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel affirmed the district court's inclusion in its loss calculation at sentencing the estimated salary paid to the defendant, the CEO of a federally-funded health care clinic located on the Chippewa Cree's Rocky Boy Reservation, for time she spent visiting her husband when she claimed to be traveling on business.

The defendant was convicted for converting federal funds for personal use, using federal funds for personal benefit, and misapplying clinic funds.

The panel rejected the defendant's argument that because she was an exempt employee, the Chippewa Cree suffered no loss in paying her full salary for when she was visiting her husband instead of performing clinic duties. The panel held that including in the loss calculation under U.S.S.G. § 2B1.1 the estimated value of the time the defendant should have reported as annual leave was not clear error.

The panel addressed the defendant's remaining arguments concerning her conviction and sentencing in a memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Steven Thomas Potts (argued), CJA, Great Falls, Montana; Jeffry M. Foster, CJA Panel Attorney, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls, Montana, for Defendant-Appellant.

Carl E. Rostad (argued), Assistant United States Attorney, District of Montana, Great Falls, Montana, for Plaintiff-Appellee.

**OPINION**

McKEOWN, Circuit Judge:

Fawn Patricia Ann Tadios asks us to ignore the old adage "time is money" and hold that the value of an exempt employee's time cannot be used to calculate loss due to fraud or theft under the United States Sentencing Guidelines. We decline to do so.[1]

For eight years, Tadios served as the Chief Executive Officer ("CEO") of the Rocky Boy's Health Board Clinic ("the Clinic"), a federally funded health care facility located on the Chippewa Cree's (the "Tribe") Rocky Boy Reservation in Montana. As CEO, Tadios was entrusted with the management of the Clinic's health care programs and its $14 million annual budget.

---

[1] We address Tadios's remaining arguments concerning her conviction and sentencing in a memorandum disposition filed concurrently with this opinion. *See United States v. Tadios*, ___ Fed App'x ___ (9th Cir. 2016).

During Tadios's tenure with the Clinic, her husband, Tribal Chairman Raymond Parker, was sentenced to the federal penitentiary in Yankton, South Dakota for embezzling tribal funds. Tadios took a series of trips to see him, partially funding these personal visits with her tribal credit card and Clinic travel advances. Rather than claim annual leave for her absences, Tadios attempted to cover up the personal nature of her trips. For example, Tadios listed the purpose of a five-day March trip as a "site visit" to tour a nearby tribal health clinic. As it turned out, Tadios spent only two hours touring the healthcare facility—the rest of the excursion was devoted to visiting her husband. Indeed, each time Tadios visited her husband, she told her board that she was traveling for "official business purposes." Memorializing her dissimulation, Tadios submitted timesheets listing eight hours of "travel" on most of the days she spent in Yankton with Parker.

Tadios was convicted for converting federal funds allocated to the Clinic for personal use in violation of 18 U.S.C. § 666(a)(1)(A), using federal funds for personal benefit in violation of 18 U.S.C. § 1163, and misapplying Clinic funds in violation of 18 U.S.C. § 669. Recognizing her otherwise exemplary record, the district court sentenced Tadios to a prison term of one year and a day, followed by two years of supervised release, and ordered $15,000 in restitution to the Tribe.

In calculating the loss Tadios inflicted on the Tribe under § 2B1.1 of the Sentencing Guidelines (dealing with economic offenses involving, inter alia, theft, fraud or deceit), the district court included the estimated salary the Clinic paid to Tadios, an exempt, management-level employee, for the time she spent visiting her husband when she claimed to be

traveling on business.**[2]**  The heart of this appeal—and an issue of first impression in our circuit—is whether the district court committed clear error by including the salary loss.  *See United States v. Torlai*, 728 F.3d 932, 937 (9th Cir. 2013) ("We review the district court's factual determinations, including the calculation of the victim's loss, for clear error." (internal quotations, citations and alterations omitted)).

Because Tadios was a salaried employee, the district court estimated the value of her time by calculating her hourly rate and multiplying that figure by the number of hours that she should have claimed as annual leave.**[3]**  Reliance on time and salary records was sufficient, as the court "need only make a reasonable estimate of loss, given the available information." *United States v. Burns*, 104 F.3d 529, 536 (2d Cir. 1997); *see also* U.S.S.G. § 2B1.1 cmt. n.3(C) (In determining intended loss, a district court "need only make a reasonable estimate of the loss . . . based upon th[e] evidence.").

Tadios argues that, because she was an exempt employee, she was entitled to her full base pay for every pay period in which she performed any work, regardless of her travel or vacation schedule.  Thus, she asserts that the Tribe suffered no loss in paying her full salary on days and for hours when

---

**[2]** This inclusion resulted in a sentencing enhancement and an increased restitution award.  The district court calculated the total loss amount as just under $16,000, including both travel expenditures for personal use and lost salary, resulting in a four-point increase in the sentencing level.  *See* U.S.S.G. § 2B1.1(b)(1)(C).  Without inclusion of the estimated salary, Tadios would not have qualified for this enhancement.

**[3]** The court estimated Tadios's hourly rate by dividing her annual salary by the number of hours in an average work year, assuming a standard 40-hour work week.

she was visiting her husband instead of performing Clinic duties. She also claims that the lack of evidence monetizing her vacation leave dooms the loss calculation. We disagree.

Under Tadios's best of both worlds theory, she could sleep on the job full time or visit her husband 40 hours per week without imposing a financial loss on the Tribe because, as an exempt employee, she would be paid anyway. This argument strains credulity, underscores the duplicitous nature of her conduct, and would make a farce of public accountability.

"Public accountability is the notion that 'governmental employees should not be paid for time not worked due to the need to be accountable to the taxpayers for expenditure of public funds.'" *Serv. Emps. Intern. Un., Local 102 v. County. of San Diego*, 60 F.3d 1346, 1352 n.2 (9th Cir. 1994) (quoting *Hilbert v. District of Columbia*, 23 F.3d 429, 435 (D.C. Cir. 1994) (Henderson, J., concurring in part, dissenting in part)). According to this principle, even exempt public employees must honestly account for time away from work.[4]

The public accountability principle underscores that time has value. It was thus not clear error for the district court to include the estimated value of the time that Tadios should have reported as annual leave in calculating the total losses Tadios inflicted on the Tribe. By failing to claim or deduct

---

[4] The Tribe's own personnel policies reflect the accountability principle, providing that "[s]ubmittal of a fraudulent time sheet will be grounds for disciplinary action or termination," and "exempt employees are not compensated for overtime and therefore may require a more flexible workday on occasion. . . . Exempt employees who abuse this policy will be required to utilize the time clock."

annual leave for the dates when she visited her husband and told her board she was traveling for work, Tadios harmed the Clinic twice over: first, by getting the Clinic to pay for travel expenses it had no obligation to cover, and again by getting the Clinic to pay her salary for time she was supposed to be working but was not.

Tadios abused her status as an exempt employee by submitting fraudulent time sheets and falsely claiming to be working or traveling rather than taking annual leave when she visited her husband. In so doing, she deprived the Tribe of her honest services, and thereby "obviously inflicted some level of pecuniary harm on the organization." *United States v. Crawley*, 533 F.3d 349, 357 (5th Cir. 2008). The district court's calculation of this harm by estimating the loss Tadios inflicted on the Tribe was not clearly erroneous.

**AFFIRMED.**