NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 18 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FAWN PATRICIA ANN TADIOS,

Defendant - Appellant.

No. 14-30231

D.C. No. 4:13-cr-00051-BMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted December 8, 2015
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges and GLEASON,[**] District
Judge.

Fawn Patricia Ann Tadios, the former CEO of the Rocky Boy's Health

Board Clinic (the "Clinic"), a federally-funded health care facility located on the

Chippewa Cree's (the "Tribe") Rocky Boy Reservation in Montana, appeals her

--------

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

conviction and sentence for: (1) one count of conversion of federal funds in violation of 18 U.S.C. § 666(a)(1)(A); (2) one count of conversion of section 638 funds in violation of 18 U.S.C. § 1163; and (3) one count of misapplication of Clinic funds in violation of 18 U.S.C. § 669. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

Tadios first argues that the federal courts lack jurisdiction because Tadios is an Indian and the acts took place on tribal land. We review criminal jurisdiction de novo. *United States v. Begay*, 42 F.3d 486, 497 (9th Cir. 1994). Tadios's argument fails in light of more than a century of jurisprudence concluding that generally applicable provisions of the Federal Criminal Code govern prosecutions of crimes committed by Indians in Indian territory. *See, e.g.*, *United States v. Kagama*, 118 U.S. 375, 384-85 (1886) (finding that federal courts have jurisdiction over crimes committed by Indians on Indian territory).

Tadios also argues that the district court erred by admitting evidence of her husband's conviction for theft from the Tribe. We review evidentiary rulings for abuse of discretion and will only reverse if "more probably than not, the lower court's error tainted the verdict." *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d

---

[1]We address Tadios's remaining argument regarding a sentencing enhancement under U.S.S.G. § 2B1.1 in an opinion filed concurrently with this disposition. *United States v. Tadios*, ___ F.3d ____ (9th Cir. 2016).

684, 688 (9th Cir. 2001). In the context of this case, the admission of her husband's conviction was not prejudicial and his residence at the federal penitentiary was relevant to Tadios's argument that she acted in good faith, without an intent to cheat the Tribe. *Cf. United States v. Yazzie*, 59 F.3d 807, 811 (9th Cir. 1995) (quoting *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987)) (Evidence is unfairly prejudicial if it "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged*.").

Even if evidence of the conviction should not have been admitted, any error was harmless. The challenged testimony was cumulative and offered after the jury had already heard similar information from other sources. Admissible testimony thus "overshadowed" anything the challenged testimony added. *See United States v. Vera*, 770 F.3d 1232, 1240-41 (9th Cir. 2014).

Tadios further contends that there is insufficient evidence to support her conviction, because the Tribe could, and did, authorize her use of clinic funds for private travel. We review de novo the sufficiency of the evidence. *United States v. Ruiz*, 462 F.3d 1082, 1087-88 (9th Cir. 2006). In light of the evidence that Tadios misrepresented the purposes of her travel to her supervisors and failed to set up

3

payroll deductions to reimburse the Clinic for costs associated with her personal trips, "the jury could reasonably disbelieve [her] explanations" and find her guilty of the crimes charged. *See United States v. Tucker*, 641 F.3d 1110, 1119 (9th Cir. 2011). Thus, the evidence was sufficient for a "rational trier of fact" to find "the essential elements of the crime beyond a reasonable doubt." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Tadios asserts that the district court erred in failing to provide the jury with a good-faith instruction. "We review de novo whether jury instructions adequately cover the defense's theory of the case." *United States v. Romm*, 455 F.3d 990, 1002 (9th Cir. 2006). It is well settled "that a criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required." *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004). Because the district court correctly defined intent, it was not required to instruct the jury on good faith, and the failure to do so was not error. *See id.* at 967-68.

Tadios claims that the district court erred in denying her motions to dismiss the section 666(a) count, because her conduct fell into section 666(c)'s exception for bona fide compensation, since she properly obtained approvals for her use of

Clinic funds. The denial of a pretrial motion to dismiss an indictment is subject to de novo review. *United States v. Cortes*, 757 F.3d 850, 858 (9th Cir. 2014). Even if the Tribe could authorize Tadios's use of tribal funds for personal travel, whether Tadios in fact obtained permission is a question of fact for the jury to decide. *See, e.g., United States v. Williams*, 507 F.3d 905, 909 (5th Cir. 2007).

Finally, Tadios contends that the district court erred in adding sentencing enhancements for abuse of trust and obstruction of justice. "We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014). Although "[t]here is an intracircuit split as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion," we need not resolve that split "where, as here, the choice of the standard does not affect the outcome of the case." *Id.* As the chief executive officer of the Clinic, Tadios enjoyed managerial authority. Her supervisors on the Tribal Council seemed unaware that she sought approval for out-of-state travel for private purposes. She was subject to limited supervision and had substantial discretion over the matters in her arena. Thus, she occupied a position of trust, which facilitated her crimes. *See United States v. Aubrey*, 800 F.3d 1115, 1134 (9th Cir. 2015). The district court did not err in adding the abuse of trust enhancement.

5

The obstruction of justice enhancement applies irrespective of whether "justice is actually obstructed or impeded." *United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993). The enhancement is warranted if the conduct at issue "has the potential for obstructing" the investigation, prosecution, or sentencing of the instant offense. *See United States v. Sullivan*, 797 F.3d 623, 642 (9th Cir. 2015) (quotations omitted); U.S.S.G. § 3C1.1. Here, Tadios took her travel file and retained it for several months after meeting with a Department of Health and Human Services investigator. This created the requisite potential for obstructing the investigation, and the district court did not err in applying the obstruction of justice enhancement.

**AFFIRMED.**