**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael SWANSON, Defendant-Appellant.**

**United States of America,**
**Plaintiff-Appellee,**

v.

**Barbra Alexander, Defendant-Appellant.**

No. 14-10282, No. 14-10369

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 16, 2017 San Francisco, California

Filed June 30, 2017

Merry Jean Chan, Esquire, DOJ-USAO, San Francisco, CA, for Plaintiff-Appellee

K. Alexandra McClure, Law Offices of Alexandra McClure, San Francisco, CA, for Defendant-Appellant

Before: W. FLETCHER, RAWLINSON, and FUENTES,* Circuit Judges.

## MEMORANDUM **

Petitioners Michael Swanson (Swanson) and Barbra Alexander (Alexander) (collectively the "Defendants") appeal their convictions and Alexander's sentence for conspiracy to commit mail and wire fraud (18 U.S.C. § 1349), mail fraud (18 U.S.C.

---

* The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

§ 1341), wire fraud (18 U.S.C. § 1343), and securities fraud (15 U.S.C. § 78j(b)). We affirm the district court's decisions as to all claims.

1. The Quickbooks reports underlying Federal Bureau of Investigation (FBI) analyst David Campagnolo's summary evidence were properly classified as business records. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009). Campagnolo did not give expert testimony; rather, he permissibly served as a summary witness. *See United States v. Olano*, 62 F.3d 1180, 1203–04 (9th Cir. 1995).

█ 2. The Defendants were properly convicted on a theory of aiding and abetting. The jury instructions were proper, and sufficient evidence supported the convictions. *See United States v. Goldtooth*, 754 F.3d 763, 768 (9th Cir. 2014) (setting forth the elements of an aiding and abetting offense). Both Defendants "pitched" the investments and communicated with investors by telephone and through the mail. *See United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017) (setting forth the elements of mail and wire fraud).

3. The district court acted within its discretion in allowing testimony from several investors. *See United States v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015) (permitting similar testimony from investors).

█ 4. The prosecution's use of a jigsaw puzzle analogy during closing argument did not misstate the burden of proof, and the district court did not plainly err by failing to *sua sponte* strike the prosecutor's closing argument or find prosecutorial misconduct. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1150 (9th

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cir. 2012) (explaining that a prosecutor's comments must "affect[ ] the fundamental fairness of the trial" to warrant reversal).

■ Moreover, any error was harmless because the district court explained to the jury that the lawyers' arguments were not evidence and communicated the proper reasonable doubt standard through jury instructions. *See United States v. Sarkisian*, 197 F.3d 966, 988 (9th Cir. 1999) (approving similar corrective statements by the district court).

■ **5.** The district court did not clearly err in declining to dismiss potential juror Can Nguyen (Nguyen). Nguyen engaged in extensive dialogue—in English—with the district court judge and with counsel. He answered several questions and communicated to the court that he had taken English as a Second Language classes for two years and spoke English with his colleagues at work. *See People of Territory of Guam v. Palomo*, 511 F.2d 255, 258 (9th Cir. 1975) (affirming district court's decision to retain juror where juror answered questions in English). In any event, evidence in the record suggests that Nguyen was ultimately excused by the district court along with twelve other potential jurors, rendering any error harmless. *See United States v. Mitchell*, 502 F.3d 931, 954 (9th Cir. 2007).

**6.** The district court did not plainly err in admitting Swanson's emails into evidence. Alexander's rights under the Confrontation Clause were not violated because the emails were not testimonial statements. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) (applying the Confrontation Clause to statements in the nature of affidavits prepared for presentation in court).

■ **7.** The district court judge committed no error in responding to questions from the jury. She consulted counsel and responded appropriately that the jury was not to be concerned regarding the enforceability of the contracts. *See United States v. Barragan-Devis*, 133 F.3d 1287, 1289 (9th Cir. 1998) ("Jury messages should be answered in open court and petitioner's counsel should be given an opportunity to be heard before the trial judge responds. . . .") (citation, alterations and internal quotation marks omitted). Likewise, the district court responded appropriately to juror notes five and eight by directing the jury to its prior instructions, as agreed upon by the parties. *See Weeks v. Angelone*, 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000) (approving this approach).

**8.** Finally, the district court carefully considered the factors under 18 U.S.C. § 3553 and the record prior to imposing Alexander's sentence. The district court made a reasonable estimate of the amount of loss based on available information. *See United States v. Tadios*, 822 F.3d 501, 503 (9th Cir. 2016) (calculating amount).

■ Alexander's role as CEO and President of the companies involved in her fraudulent scheme and her activities supported enhancements under both U.S.S.G. § 3B1.1(c) (organizer, leader, manager, or supervisor) and U.S.S.G. § 3B1.3 (abuse of trust). She exercised extreme managerial discretion, including unchecked authority and access to funds, allowing disbursement of checks to herself, her other businesses, and her coconspirators. *See United States v. Christensen*, 828 F.3d 763, 815-16 (9th Cir. 2015), *cert. denied,* —— U.S. ——, 137 S.Ct. 628, 196 L.Ed.2d 517 (2017), and *cert. denied sub nom. Kachikan v. United States,* —— U.S. ——, 137 S.Ct. 2109, 197 L.Ed.2d 907 (2017); *see also United States v. Adebimpe*, 819 F.3d 1212, 1217 (9th Cir.), *cert. denied,* —— U.S. ——, 137 S.Ct. 317, 196 L.Ed.2d 231 (2016) ("'[T]he pres-

ence .. of 'professional or managerial discretion' represents the decisive factor in deciding whether a defendant occupied a position of trust.").

■ The court's application of enhancements under both § 3B1.1(c) and § 3B1.3 did not constitute impermissible double counting because the text of § 3B1.3 explicitly allows for an adjustment under both provisions. *See* U.S.S.G. § 3B1.3 ("If this adjustment is based upon an abuse of a position of trust, it may be employed in addition to an adjustment under § 3B1.1 (Aggravating Role)"); *see also United States v. Jenkins*, 633 F.3d 788, 809 n.9 (9th Cir. 2011).

The sentence imposed upon Alexander was at the low end of the applicable guidelines range and not disproportionate. *See United States v. Grant*, 727 F.3d 928, 933 (9th Cir. 2013) (noting that sentences within the applicable guidelines range are generally reasonable).

9. We decline to address Defendants' claims of ineffective assistance of counsel (IAC) on direct appeal. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013) (noting that IAC claims are more appropriately addressed in habeas proceedings).

10. Because the district court did not err, the Defendants' cumulative impact claims lack merit. *See United States v. Beck*, 418 F.3d 1008, 1016 n.7 (9th Cir. 2005).

**AFFIRMED.**