**Mortimer L. SCHULTZ**

v.

**Howard YEAGER, Warden, New Jersey State Prison, Appellant.**

**No. 17066.**

United States Court of Appeals Third Circuit.

Argued Sept. 19, 1968.

Decided Nov. 20, 1968.

Rehearing Denied Dec. 23, 1968.

Certiorari Denied April 7, 1969.
See 89 S.Ct. 1309.

Alan Silber, Asst. Prosecutor, Essex County, Newark, N. J., Joseph P. Lordi, County Prosecutor of Essex County, Newark, N. J., Robert A. Baine, Asst. County Prosecutor, on the brief, for appellant.

Harvey Weissbard, Querques, Isles & Weissbard, Orange, N. J., for appellee.

Before McLAUGHLIN, KALODNER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellee was indicted by a New Jersey Grand Jury for various types of commercial fraud. He was thereafter tried and convicted on 67 of the 74 counts of the indictment. Four of said counts were dismissed in the course of the trial; on three of the counts appellee was found not guilty. The judgments of conviction were affirmed by the State Supreme Court, State v. Schultz, 46 N.J. 254, 216 A.2d 372, and certiorari was denied by the United States Supreme Court, 384 U.S. 918, 86 S.Ct. 1367, 16 L.Ed.2d 439. Thereafter appellee applied to the United States District Court for a writ of habeas corpus alleging that said conviction was in violation of his rights under the Fourth and Fifth amendments to the United States Constitution. Inter alia, appellee charged that his conviction was based on evidence obtained by illegal search and seizure; he also complained of comments by both the trial judge and the prosecutor regarding his failure to testify in his own behalf and that the jury could infer therefrom that he could not truthfully deny the facts of fraudulent intent presented at the trial.

It is clear that by means of a subpoena duces tecum served personally upon Sherman Hirschfeld, appellee's comptroller and office manager of his corporation and limited partnerships, personal records of appellee were demanded of and produced by Hirschfeld and were introduced as trial evidence against appellee.

The references by the judge and the prosecutor as to appellee testifying were made throughout the trial. As Chief Judge Augelli in the District Court correctly states in his opinion:

"With respect to comments made by the trial judge and the prosecutor on petitioner's failure to testify in his own behalf, the record discloses that 23 such comments were made during the course of the trial.[1] The typical comment by the prosecutor took the form of an objection to a question put by petitioner to a witness on cross-examination, followed by a statement that petitioner would have his opportunity to testify if he so desired. The typical remark by the judge, to the effect that he could not permit peti-

tioner to testify until he took the witness stand and was sworn, was uttered either SUA SPONTE or in ruling on an objection. (Footnote not quoted.)" 293 F.Supp. 801.

On Monday, June 15, 1964, the Prosecutor in his summation, called the jury's attention twelve times to the fact that appellee had not appeared as a witness and he asked the jury to infer appellee's guilt for that reason. That same day the judge in his charge, over appellee's objection, stressed the identical point. At that time, as far as the court and counsel for both sides knew, those remarks were proper; in full accord with existent law. State v. Corby, 28 N.J. 106, 145 A.2d 289 (1958). It happened that on the same day, the United States Supreme Court by its opinion in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964) prohibited any trial comment concerning failure of a defendant to testify for himself. The next day the trial judge, having been made aware of the Malloy holding, recalled the jury. In recharging that body he stated what he had charged originally on the matter and then said:

"This portion of the charge that I have just referred to shall be disregarded in every respect, and not be applied by you as the law in this case. You will consider it as not charged and likewise I instruct you that any and all comments made by the Prosecutor either during the course of the trial or in argument, or in summation in regard to the failure of the defendant to testify, are also stricken and must be disregarded, and I give you the following charge which shall govern your deliberations:

"This defendant as are all defendants in criminal cases is presumed to be innocent, and this presumption of innocence stays with the defendant throughout the trial, and until you, the members of the Jury, reach a verdict. The failure of the defendant to take the witness stand and testify in his own behalf does not create any presumption against him, and you are charged that you must not permit the fact that he failed to take the stand to weigh in the slightest degree against the defendant, nor shall this fact enter into the discussions or deliberations of the Jury in any manner.

"I do charge you, however, that in your deliberations you shall decide the case upon all of the evidence before you offered by the State and by the defendant, and all of the facts and circumstances in reaching your ultimate determinations in deciding the defendant's innocence or guilt. You are to consider all of the instructions as I have previously given them to you, except as modified by this charge in your deliberations."

As is seen the judge made no mention of his trial statements, prior to the charge, relating to appellee not testifying. The Prosecutor, arguing before this Court for appellant, maintains that "The fact that the supplemental charge did not refer to comments made by the trial judge during the course of the trial is of no moment." The opinion below regards this inadvertent omission as of importance. In exhaustively examining the whole trial situation, complicated by the circumstance that appellee, a non lawyer, appeared pro se, the District Court warrantably ruled that there was no waiver by appellee of his constitutional privilege against self incrimination. The Court finally concluded that the supplemental charge was not sufficiently effective to neutralize any error that may have occurred. Malloy v. Hogan, supra; Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

From our own examination of this appeal we must conclude that the temperate, careful opinion of Chief Judge Augelli is sound in fact and in law. The judgment of the District Court will be affirmed.