**Frank Hale BENNETT, Appellant,**

v.

**PEOPLE OF the STATE OF CALIFORNIA et al., Appellee.**

**No. 21952.**

United States Court of Appeals
Ninth Circuit.

Jan. 9, 1969.

Certiorari Denied April 7, 1969.
See 89 S.Ct. 1320.

Frank Hale Bennett, pro. per.

·Thomas C. Lynch, Atty. Gen. of Cal., Edsel W. Haws, Charles P. Just, Deputy Attys. Gen., Sacramento, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, DUNIWAY, Circuit Judge, and WEIGEL, District Judge.*

DUNIWAY, Circuit Judge:

Bennett filed this action on March 6, 1967 under the Civil Rights Act, 42 U.S.C. § 1983. The only defendants named are People of the State of California, California Adult Authority and California Department of Corrections. The trial court dismissed the action on the ground that "the issues presented are not cognizable by this Court." We affirm.

Bennett has proceeded in pro. per., both in the trial court and here. Much of his complaint deals with matters of California law that do not raise any question of violation of federally protected rights, constitutional or statutory. These we disregard.

■ The only allegations that arguably raise a federal question under the Civil Rights Act are these: [1]

"The People of the State of California, through its agents and Agen-

---

* Honorable STANLEY A. WEIGEL, United States District Judge, Northern District of California, sitting by designation.

1. The defendants filed a motion to dismiss and for summary judgment, attaching to the motion certified copies of an abstract

of the judgment of conviction and of orders of the Adult Authority denying Bennett parole on August 10, 1965, August 2, 1966, and placing his application on its September, 1967 calendar. No affidavit was filed, and the foregoing documents add nothing to what is alleged in

**38**

cies, denied this plaintiff, under the Color of State and/or Federal law, the Due-process Clause and the Equal Protection Clause of the FOURTEENTH AMENDMENT of the U. S. CONSTITUTION, as made applicable to the State Mender. (Sic.)

The denial of plaintiffs Constitutional Rights is set forth in the statement of facts attached hereto and by reference made a part thereof."

Bennett is a prisoner of the State of California, convicted of soliciting another to commit a felony in violation of Cal. Pen.C. § 653f. He was sentenced on April 9, 1965 to an indeterminate term, 6 months to 5 years. (Cal.Pen.C. § 1168). When the complaint was filed, he had served approximately 27 months. His claim of denial of due process and equal protection rests solely upon the following:

> *"Petitioner has no prior criminal record nor does he have, nor had any disciplinary action against him since his incarceration.*
>
> *Petitioner has fulfilled his program as prescribed for him by the Department of Corrections and the Adult Authority."* [Emphasis in original.]

He then lists in the statement of facts referred to above the numbers of ten prisoners, each of whom he says was released from prison after serving less than half of his term. In each instance, the prisoner's number, the offense, the sentence, the time served (with dates) and the time of release are given, but no other facts are stated. The following statement is then made:

> "It is obvious on its face that petitioner is being discriminated against by the People of the State of California, through their Agencies and Agents (Adult Authority and Department of Corrections) in that they (Adult Authority and Department of

Corrections) at their whim or caprice, can pick and choose what Prison No. can be released from prison."

The prayer is for damages only, $250,000 "actual" plus $10,000 for each time a prisoner who has served less than ½ the maximum term is released between the date of filing of the complaint and the date "when the acts of discrimination ceases," or if Bennett should die, $1,000,000 each for his wife and son.

On March 23, 1967, Bennett sought a temporary restraining order, which would have given him no personal relief, except to prevent his transfer to another prison pendente lite. The principal relief asked was that the Adult Authority be enjoined from setting prison terms or fixing or refixing terms or holding parole hearings. If granted, it would have paralyzed the Authority and left Bennett subject to the maximum term, and with no way to get parole from the Authority.

1. *Does the complaint even shadow forth a federal claim?*

■■ The answer is no. The constitutionality, under the United States Constitution, of indeterminate sentence laws like California's and of delegation of the power to fix and refix terms and grant and revoke parole, such as that to the California Adult Authority, is too well established to require further discussion. Dreyer v. Illinois, 1902, 187 U.S. 71, 83, 84, 23 S.Ct. 28, 47 L.Ed. 79; Dunn v. California Dept. of Corrections, 9 Cir., 1968, 401 F.2d 340; Eason v. Dickson, 9 Cir., 1968, 390 F.2d 585, 588; Williams v. Dunbar, 9 Cir., 1967, 377 F.2d 505, 506, and cases there cited; In re Costello, 9 Cir., 1958, 262 F.2d 215; Duffy v. Wells, 9 Cir., 1952, 201 F.2d 503.

■ Moreover, and assuming that it would be possible to conjure up a state of facts under which denial of parole to a particular prisoner would amount to denial of due process or equal protec-

---

the complaint. No facts are alleged contrary to those stated in the complaint. The motion, therefore, was good only as a motion to dismiss, and we so treat it,

as apparently the trial judge did also. See Williford v. California, 9 Cir., 1965, 352 F.2d 474.

tion, no such facts are alleged here. The Constitution does not make it legally impossible for a state, in granting or refusing parole, to make an individualized judgment in each case. It certainly does not demand the sort of delusive arithmetical equality that is the sole basis for Bennett's claim.[2]

*2.  Are the defendants proper parties?*

This question was raised by the defendants, but not relied on by the trial court. We consider it because it, too, is dispositive.

The State of California is immune from suit without its consent, and that immunity extends to suits against it under the Civil Rights Act. Loux v. Rhay, 9 Cir., 1967, 375 F.2d 55, 58; Clark v. Washington, 9 Cir., 1966, 366 F.2d 678, 680; Williford v. California, 9 Cir., 1965, 352 F.2d 474, 476. Moreover, state agencies such as the California Adult Authority and the California Department of Corrections, which are but arms of the state government, are not "persons" within the meaning of the Civil Rights Act. Clark v. Washington, supra, 366 F.2d at 681; Sires v. Cole, 9 Cir., 1963, 320 F.2d 877, 879.

Bennett does not allege any action taken by the Department of Corrections as distinguished from the Adult Authority. Presumably, he named the Department because the Authority is one of the bodies of which the Department is "composed." Cal.Pen.C. § 5001. But in granting or denying parole, the Authority acts independently. Cal.Pen. C. § 5077. Thus, the only action of which Bennett complains is that of the Authority.

We do not remand the case to allow Bennett to amend to name the members of the Authority as defendants, because this would do him no good. The actions of which he complains fall squarely within the quasi-judicial or discretionary duties and functions vested in them by law. As to such actions, they are immune from suits for damages. Silver v. Dickson, 9 Cir., 1968, 403 F.2d 641.

Other questions argued do not merit discussion.

Affirmed.

WEIGEL, District Judge:

I concur in the result reached by the majority, but only on the grounds that the appellant's complaint neither named proper parties as defendants (Clark v. Washington, 366 F.2d 678, 680 (9 Cir., 1966); Sires v. Cole, 320 F.2d 877, 879 (9 Cir., 1963)) nor stated a proper claim under the Civil Rights Act (Silver v. Dickson, 403 F.2d 641 (9 Cir., 1968)). Since these grounds are dispositive, I see no reason to consider whether petitioner's allegations, if proven, would or would not establish denial of due process or equal protection.

---

2.  Cal.Pen.C. § 653f makes it a felony to solicit another to commit murder, robbery, burglary, grand theft, receiving stolen property, extortion, rape by force and violence, perjury, subornation of perjury, forgery, or kidnapping. Bennett does not tell us which offense he solicited.

The state says, but has not proved, that it was murder. We think it obvious that the nature of the offense is one, but only one, of many things that the Adult Authority could properly consider in deciding whether to grant parole to a particular prisoner.