852 F.2d 459
 The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Juan P. IGNACIO, Defendant-Appellant.
The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Pedro A.E. MANIBUSAN, Defendant-Appellant.
The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Francisco B. BAMBA, Defendant-Appellant.
 Nos. 87-1152, 87-1160 and 87-1161.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 16, 1987*.
Resubmitted June 20, 1988.
Decided July 21, 1988.
 
 Howard Trapp and Randall F. Cunliffe, Agana, Guam, for defendants-appellants.
 Thomas J. Lannen, Deputy Atty. Gen., Agana, Guam, for plaintiff-appellee.
 Appeal from the United States District Court for the District of Guam.
 Before GOODWIN, Chief Judge, CHOY, and BEEZER, Circuit Judges.
 GOODWIN, Chief Judge:
 
 
 1
 Defendants Manibusan, Ignacio and Bamba appeal their convictions of conspiracy to misappropriate money appropriated to combat Guam's heroin problem, in violation of 9 Guam Code Ann. Sec. 13.30.
 
 I. THE INDICTMENT
 
 2
 The defendants first contend that the indictment did not state an offense under Guam law because it did not allege overt acts in furtherance of the conspiracy after January 1, 1978, the date the applicable conspiracy law took effect. See 9 Guam Code Ann. Sec. 90.84, Section 2. We review de novo the Appellate Division's interpretation of local law. Guam v. Yang, 850 F.2d 507, 511 (9th Cir.1988) (en banc ).
 
 
 3
 The indictment in this case reads in pertinent part:
 
 
 4
 The Attorney General of the Territory of Guam accuses that between December 1, 1976 and December 15, 1978, in the Territory of Guam, Pedro A.E. Manibusan, Juan P. Ignacio, Francisco B. Bamba, and Jesse F. Pangelinan, did unlawfully and intentionally agree with each other or with one or more other persons that they or one of them would commit the crime of theft of over One Thousand Five Hundred Dollars ($1,500) and that they did so with the intention of engaging in, promoting or assisting such crime and that in pursuance of that agreement they or one of them committed the following overt acts....
 
 
 5
 The indictment then goes on to allege forty-nine overt acts which cover a time period up to November 11, 1977.
 
 
 6
 The statute under which the defendants were convicted became effective on January 1, 1978. It provides, in pertinent part:
 
 
 7
 This Code shall become operative on January 1, 1978.... For the purposes of this Section, an offense was committed after the operative date of the Code if any of the elements of the offense occurred subsequent thereto.
 
 
 8
 9 Guam Code Ann. Sec. 90.84 Section 2.
 
 
 9
 The defendants argue that because none of the overt acts charged in the indictment occurred after the statute went into effect, the indictment fails to charge an offense. The prosecution argues that the continuing conspiracy is an element of the offense, and that the conspiracy continued well into 1978.
 
 
 10
 The district court sustained the indictment because "the evidence at trial showed that the conspiracy continued into 1978." The defendants argue that a court may not consider evidence at trial when ruling on a motion for arrest of judgment. See Guam v. Palomo, 511 F.2d 255, 259 (9th Cir.1975), citing United States v. Sisson, 399 U.S. 267, 280-82, 90 S.Ct. 2117, 2124-26, 26 L.Ed.2d 608 (1970). While that may be true, we may affirm on any ground finding support in the record. Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983). The indictment, which charges a conspiracy continuing until December 15, 1978, states an offense. The discrete thefts were only part of the crime charged. The conspiracy was intended to promote the systematic looting of the cash supplied for police use in buying drugs, and this conspiracy was alleged to have continued after the statute became effective.
 
 
 11
 Guam law provides that an offense which charges a continuing course of conduct is committed "when the course of conduct of the defendant's complicity therein is terminated." 8 Guam Code Ann. Sec. 10.60. Conspiracy is a continuing crime. Under Guam law, a conspiracy does not terminate until "the crime or crimes which are its object is or are committed or the agreement is abandoned by the defendant and his co-conspirators." 9 Guam Code Ann. Sec. 13.50. Contrary to the defendants' assertion, the duration of the conspiracy is not limited by the dates of the overt acts alleged in the indictment. The Guam statute requires only one overt act to be included in the indictment, and expressly allows other overt acts not alleged in the indictment to be proven at trial. 8 Guam Code Ann. Sec. 95.30. Because the indictment alleged that the conspiracy continued until December 15, 1978, the indictment stated an offense. Cf. Leyvas v. United States, 371 F.2d 714, 717 (9th Cir.1967) (holding that "a statute increasing a penalty with respect to a criminal conspiracy which commenced prior to, but was continued beyond the effective date of such statute, is not ex post facto as to that crime"); Huff v. United States, 192 F.2d 911, 915 (5th Cir.1951) (same), cert. denied, 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703 (1952).
 
 II. THE REASONABLE DOUBT INSTRUCTION
 
 12
 At the close of the case, the court correctly gave a jury instruction on reasonable doubt that mirrored in all significant respects the reasonable doubt definition provided for by statute. See 8 Guam Code Ann. Sec. 90.23(a). However, in its preliminary instructions given to the jury before taking testimony, the court gave some general instructions, one of which discussed the burden of proof:
 
 
 13
 Now, proof beyond a reasonable doubt is proof with such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.
 
 
 14
 This instruction, standing alone, has been held to be erroneous under Guam law. Yang, at 511-14.
 
 
 15
 However, in this case the defendants suffered no prejudice. The corrected charge adequately cured the incomplete instruction before the jury began deliberation. See United States v. Egenberg, 441 F.2d 441, 444 (2d Cir.), cert. denied, 404 U.S. 994, 92 S.Ct. 530, 30 L.Ed.2d 546 (1971). Because the trial judge used the correct instruction at the end of trial, and because the correct instruction was the only instruction given to the jury to take with them to the jury room, it is presumed that the jury followed the correct instruction. The defendants have not demonstrated prejudice, nor could a reviewing court reasonably infer prejudice on these facts. There was no reversible error in the instructions. General orientation at the beginning of a trial should be cautiously worded, but it will not require reversal unless it produces prejudice or misleads the jury in a material way. Cf. United States v. Oliver, 766 F.2d 252 (6th Cir.1985) (finding prejudice where defense counsel relied on the erroneous instruction in making his closing argument); Schultz v. Yeager, 293 F.Supp. 794, 806 (D.N.J.1967) (finding a supplemental charge insufficient to cure an opening charge based on a precedent that was overruled during trial, where the judge and prosecutor had repeatedly made prejudicial statements based on the law as stated in the opening charge), aff'd, 403 F.2d 639, 641 (3rd Cir.1968), cert. denied, 394 U.S. 961, 89 S.Ct. 1309, 22 L.Ed.2d 562 (1969).
 
 
 16
 III. THE PROSECUTOR'S COMMENTS IN CLOSING ARGUMENT
 
 
 17
 During closing argument, the prosecutor argued to the jury that the defendants' crime had two victims, instead of one as is usual in street crimes. The prosecutor argued that the People of the Territory of Guam were victimized once when the defendants misappropriated public funds, and a second time when money earmarked to battle the Territory's heroin problem was divested from its intended use to private use. The defendants urge that this was improper and inflammatory. See ABA Standards for Criminal Justice Sec. 3-5.8(c)-(e) (2d ed. 1980).
 
 
 18
 The trial court has broad discretion in the control of closing arguments, and this court will not reverse a judgment because of statements made in the arguments of counsel unless they were so prejudicial that a failure to declare a mistrial was an abuse of discretion. United States v. Guess, 745 F.2d 1286, 1288 (9th Cir.1984), cert. denied, 469 U.S. 1225, 105 S.Ct. 1219, 84 L.Ed.2d 360 (1985). Counsel's arguments to the jury would be of little value if limited to previously approved platitudes. They do not justify mistrials unless they are so harmful that it is probable that they materially affected the fairness of the trial. United States v. Birges, 723 F.2d 666, 671-72 (9th Cir.), cert. denied, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984); see United States v. Drebin, 557 F.2d 1316, 1332 (9th Cir.1977), cert. denied, 436 U.S. 904, 98 S.Ct. 2232, 56 L.Ed.2d 401 (1978). In Drebin, the prosecutor argued in closing argument that the movie industry was losing hundreds of thousands of dollars in revenue annually through unauthorized sales of motion picture films. We found no error because the statement was supported by the evidence and the defendant had not objected to it. Id. Here, the defendant objected. Nonetheless, we find no error. The Seventh Circuit has held that "a prosecutor can impress upon the jury the seriousness of the charges and a comment on the gravity of the drug problem in this country is not inappropriate." United States v. Zylstra, 713 F.2d 1332, 1340 (7th Cir.), cert. denied, 464 U.S. 965, 104 S.Ct. 403, 78 L.Ed.2d 344 (1983) (statement by prosecutor that defendants imported marijuana to distribute to "our" friends and families). We agree.
 
 
 19
 There was evidence at trial that large sums of money appropriated for the use of fighting drugs were stolen and used by the defendants. The prosecutor's statements were supported by the evidence. There was no error.
 
 
 20
 IV. FAILURE TO INSTRUCT THE JURY ON LESSER INCLUDED OFFENSES
 
 
 21
 The defendants finally argue that the trial court erred in not instructing the jury on lesser included offenses, based upon a curious combination of statutes. Guam law denounces different degrees of conspiracy to commit theft, depending on the amount involved. See 9 Guam Code Ann. Sec. 13.60(a) (conspiracy is a crime "of the same grade and degree as the most serious crime which is ... an object of the conspiracy"). Compare 9 Guam Code Ann. Sec. 43.20(a) (theft of more than $1500) with Sec. 43.20(b) (theft of less than $1500, but more than $500), Sec. 43.20(c) (theft of less than $500, but more than $50), and Sec. 43.20(d) (theft of less than $50). Although the defendants did not request an instruction on lesser included crimes, the defendants now argue that the trial court should have given such an instruction sua sponte.
 
 
 22
 This assignment thus presents two questions: First, was it error to fail to instruct on a lesser included offense without a request? If so, was the failure prejudicial?
 
 
 23
 Guam follows the common law rule that a defendant's failure to object to an instruction given or refused precludes review, unless there is plain error affecting substantial rights. 8 Guam Code Ann. Secs. 90.19(c), 130.50. See also Fed.R.Crim.P. 30, 52.
 
 
 24
 Manibusan points out, however, that Guam law also provides that:
 
 
 25
 [w]hen there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of an included offense, the court shall charge the jury with respect to the included offense.
 
 
 26
 8 Guam Code Ann. Sec. 90.27 (emphasis added). We have found no published Guam decision discussing Sec. 90.27. In such cases, we look to California law. Guam v. Ojeda, 758 F.2d 403, 406 (9th Cir.1985). Section 90.27 is based on Cal.Pen.Code Sec. 1097. California cases interpreting Sec. 1097 have held that the trial court has a duty to instruct the jury on lesser included offenses even without a request, except in cases in which there is no evidence that the offense was less than that charged. See, e.g., People v. Sedeno, 10 Cal.3d 703, 716, 112 Cal.Rptr. 1, 518 P.2d 913 (1974).
 
 
 27
 The defendants argue that there was evidence introduced at trial which would justify a conviction of third degree felony or misdemeanor conspiracy to commit theft. See 9 Guam Code Ann. Secs. 43.20(b) (third degree felony for theft of less than $1500, but more than $500, or for theft of a firearm), 43.20(c) (misdemeanor for theft of less than $500, but more than $50). Specifically, there was evidence of one misappropriation in the amount of $147.47 used to purchase a firearm, and evidence of another misappropriation in the amount of $308.55. The defendants claim that these two relatively small peculations reduced a conspiracy in which the loot exceeded $100,000 to a misdemeanor. We doubt that the legislative bodies of either California or Guam intended any such absurd result, and we will not attempt in this case to contrive one.
 
 
 28
 California law requires instruction on lesser included offense only if the defendant is relying on the defense, or if there is substantial evidence in support of it. People v. Wickersham, 32 Cal.3d 307, 323-26, 185 Cal.Rptr. 436, 650 P.2d 311 (1982); People v. Callan, 174 Cal.App.3d 1101, 1112-13, 220 Cal.Rptr. 339 (1985). In this case, the defendants did not dispute the amount involved, but based their defense on a theory that they actually used the money for proper purposes. The instruction which was given at the defendants' request told the jury that the defense theory was that the defendants "reasonably believed, with the exercise of due care" that the expenditures they made were legal; that, if a conspiracy were proved, its objects were not illegal; and that "the defendants acted with good faith, belief, that they had the power and right to acquire and dispose of the property involved as they did."
 
 
 29
 The defendants contend that the jury could have rationally concluded that the government had proven its case only with respect to the smaller misappropriations. However, "the first prerequisite to receiving instructions on lesser related offenses must be the existence of some basis, other than an unexplainable rejection of prosecution evidence, on which the jury could find the offense to be less than that charged." People v. Geiger, 35 Cal.3d 510, 531, 199 Cal.Rptr. 45, 674 P.2d 1303 (1984). This reasoning also applies in the context of lesser included offenses instructions. People v. Acevedo, 166 Cal.App.3d 196, 201, 212 Cal.Rptr. 328 (1985).
 
 
 30
 On the whole record, there was no basis for finding the defendants guilty of the lesser included degrees of conspiracy absent the unexplained rejection of all but a small portion of the prosecution's evidence.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)