976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rigoberto Najera RODRIGUEZ, Defendant-Appellant.
 No. 89-50627.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided Sept. 23, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and JENSEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Rigoberto Najera Rodriguez has been convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He claims that his conviction must be reversed for four reasons. None of them are persuasive. We affirm.
 
 
 4
 First, appellant claims that the district court erred in failing to give the jury an instruction on a lesser-included offense of possessing less cocaine than the ten kilograms alleged in the indictment. Appellant did not request such an instruction at trial, therefore the Court reviews the district court's failure to give the instruction for plain error. United States v. Sommerstedt, 752 F.2d 1494, 1498 (9th Cir.), amended, 760 F.2d 999 (9th Cir.), cert. denied, 474 U.S. 851 (1985).
 
 
 5
 A lesser-included offense instruction is only required if there is an applicable lesser-included offense. United States v. Komisaruk, 885 F.2d 490, 497 (9th Cir.1989). An offense can be a lesser-included offense if its elements are a subset of the elements of the charged offense. Schmuck v. United States, 489 U.S. 705, 716 (1989). As a person may be convicted of violating 21 U.S.C. § 841(a)(1) if he or she possesses any measurable amount of cocaine with intent to distribute, United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992), appellant's proposed lesser-included offense relating to the quantity possessed has the same elements as the charged offense. The district court instructed the jury that the government "need only prove beyond a reasonable doubt that there was a measurable amount of cocaine." II R.T. 75. Accordingly, appellant was not entitled to a lesser-included offense instruction and the district court did not commit plain error.
 
 
 6
 Appellant's second claim is that the district court should have granted his motion to substitute counsel. The Court considers such claims by balancing the timeliness of a request to substitute counsel, the adequacy of the judge's inquiry into the defendant's reasons for seeking new counsel, and the nature of the defendant's relationship with his attorney. United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991). In this case, appellant's motion was clearly untimely, coming on the first day of trial. Moreover, the judge's questioning of appellant was directly responsive to appellant's complaints and made clear that there was no breakdown in communication between appellant and his counsel. Given this record, the district court did not abuse its discretion in denying the motion to substitute counsel.
 
 
 7
 The third claim is that the district court erred by instructing the jury during voir dire that "no presumption of guilt or innocence is to be drawn [from the indictment]." The Court is convinced that this alleged error did not materially affect the jury's verdict. United States v. Rubio-Villareal, slip op. 6453, 6458 n. 3 (9th Cir. June 11, 1992) (en banc). The language immediately following this statement clearly explained the presumption of innocence and the government's burden of proving appellant's guilt beyond a reasonable doubt. Moreover, the final jury instruction correctly restated these concepts and made clear that the indictment "[was] not evidence of any kind against the accused." II R.T. 72. The jury therefore could not have been misled by this isolated statement. See People v. Ignacio, 852 F.2d 459, 461 (9th Cir.1988) (errors in preliminary instructions which are corrected in final instructions do not prejudice criminal defendant).
 
 
 8
 Appellant's last claim is that there was insufficient evidence to support the jury's verdict that he possessed cocaine. Based on the evidence in the record, a rational trier of fact could easily have found beyond a reasonable doubt that appellant possessed cocaine. Rubio-Villareal, slip op. at 6456-57. There was evidence that appellant actually possessed one kilogram of cocaine by retrieving it from the trunk of a car, carrying it into a business, and watching as the cocaine was shown to an undercover agent posing as a buyer. There was also evidence from which the jury could find that appellant constructively possessed the remaining nine kilograms of cocaine: appellant had the key to the car trunk and he was the only person to open the trunk during the transaction. See United States v. Ramos, 476 F.2d 624, 625-26 (9th Cir.), cert. denied, 414 U.S. 836 (1973) (possession of key to trunk can be evidence of constructive possession of objects in trunk). As appellant could have been convicted if he possessed any cocaine, much less ten kilograms, the evidence was sufficient to support the jury's verdict.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable D. Lowell Jensen, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3