66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David C. STEPHENSON, Plaintiff-Appellant,
v.
STATE OF WASHINGTON; Kitsap County; Warren Sharpe; Danny
Clem; Leonard W. Costello; Leonard W. Kruse;
Ginger C. Grulur; Jay Nuxall,
Defendants-Appellees.
 No. 95-35138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David C. Stephenson appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A. Dismissal of Claims against Sharpe and Clem
 
 
 4
 Stephenson contends that the district court erred by concluding that defendants Sharpe and Clem, who were county prosecutors, were immune from suit under section 1983. This contention lacks merit.
 
 
 5
 Prosecutors are absolutely immune from suit for damages for conduct which is intimately associated with the judicial process. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985). This immunity extends to a prosecutor's participation in a probable cause hearing. See Burns v. Reed, 500 U.S. 478, 490-92 (1991) (granting immunity to prosecutor for conduct in probable cause hearing for search warrant); see also Gobel v. Maricopa County, 867 F.2d 1201, 1204 (9th Cir.1989) (stating that prosecutorial immunity extends to conduct characterized as "investigative" and "administrative" as long as the conduct was judicial and not conduct "usually related to routine police activity").
 
 
 6
 Here, Stephenson alleged that there was a lack of probable cause for his arrest warrant because the supporting affidavit was not signed by defendant Sharpe. Stephenson also alleged that Sharpe and Clem violated his Fifth Amendment right to not be charged with a crime absent a grand jury indictment when they filed charges based on an information instead of an indictment. Finally, Stephenson alleged that Sharpe and Clem violated his Fifth Amendment right against self-incrimination by seeking and using a handwriting sample. The district court properly concluded that these defendants were immune from suit for damages with respect to these allegations. See Burns, 500 U.S. at 492-93; Imbler, 424 U.S. at 431 n. 33; Demery, 735 F.2d at 1144.[1]
 
 
 7
 Accordingly, the district court properly dismissed Stephenson's section 1983 claims against these defendants. See Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994) (stating that dismissal is appropriate where it is "beyond doubt that the plaintiff can prove no set of facts in support of his or her claim") (citation omitted).
 
 B. Dismissal of Claims against Grulur
 
 8
 Stephenson contends that the district court erred by dismissing his claim that Grulur participated in the violation of Stephenson's constitutional rights because she notarized the affidavit which was used to obtain Stephenson's arrest warrant. This contention lacks merit.
 
 
 9
 In order to establish liability under section 1983, a party "must allege a deprivation of a constitutionally protected right." Taylor v. List, 880 F.2d 1040, 1046 (9th Cir.1989). Although Stephenson alleged that Grulur violated state law by notarizing an unsigned document, he did not identify a constitutional right which was violated by Grulur's conduct.
 
 
 10
 Accordingly, the district court properly dismissed Stephenson's section 1983 action against Grulur. See Everest & Jennings, 23 F.3d at 228.
 
 
 11
 C. Dismissal of Claims against the County of Kitsap
 
 
 12
 Stephenson contends that the district court erred by dismissing his claims against the County of Kitsap. This contention lacks merit.
 
 
 13
 Where the official policies or established customs of a local governmental body are responsible for a deprivation of constitutional rights, the governmental body may be sued under section 1983. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Here, all the claims against county employees were properly dismissed. Therefore, the claims against the county itself could not have been cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (holding that pro se litigant must be given notice of complaint's deficiencies and an opportunity to amend prior to dismissal unless complaint cannot be cured by amendment). Accordingly, the district court properly dismissed Stephenson's section 1983 action against the county.
 
 
 14
 D. Dismissal of Claim against Costello and Kruse
 
 
 15
 Stephenson contends that the district court erred by concluding that defendants Costello and Kruse, who were state judges, were immune from suit under section 1983. This contention lacks merit.
 
 
 16
 Here, Stephenson alleges that Costello and Kruse violated his constitutional rights by enforcing an invalid arrest warrant and by ordering him to provide a handwriting sample in his state criminal trial. Because Stephenson's allegations concern conduct within the scope of judicial authority, the district court properly concluded that these defendants are immune from suit under section 1983. See Stump v. Sparkman, 435 U.S. 349, 356 (1978); Aldabe v. Aldabe, 616 F.2d 1089, 1091 (9th Cir.1980).
 
 
 17
 Accordingly, the district court properly dismissed Stephenson's section 1983 claims against these defendants. See Everest & Jennings, 23 F.3d at 228.
 
 
 18
 E. Dismissal of Claims against State of Washington
 
 
 19
 Stephenson contends that the district court erred by dismissing his section 1983 action against the State of Washington. Because states are not "persons" for purposes of section 1983, the district court properly dismissed Stephenson's claim against the State of Washington. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Bennett v. California, 406 F.2d 36, 39 (9th Cir.), cert. denied, 394 U.S. 966 (1969).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, because the Fifth Amendment's guarantee that criminal charges cannot be filed without a grand jury indictment "is not a part of the due process guarantees of the Fourteenth Amendment that appl[ies] to state criminals," Jeffries v. Blodgett, 5 F.3d 1180, 1188 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994), Stephenson's contention that relying on an information instead of an indictment fails to state a claim under section 1983. See Taylor v. List, 880 F.2d 1040, 1046 (9th Cir.1989) (stating that plaintiff "must allege a deprivation of a constitutionally protected right" in order to establish liability under section 1983)
 
 
 [2]
 In the "Statement of Issues" in his opening brief, Stephenson contends that the district court erred by not explicitly stating the basis for its jurisdiction over his section 1983 action. This contention lacks merit. See 28 U.S.C. Sec. 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States")
 In the same section, Stephenson contends that the district court erred by entering a summary order awarding defendants costs. We cannot conclude that the award of costs for defendants was an abuse of discretion. Association of Flight Attendants v. Horizon Air Indus., 976 F.2d 541, 551 (9th Cir.1992).