110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denny CHIU, Defendant-Appellant.
 No. 96-50066.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1997.
Decided March 25, 1997.
 
 1
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Denny Chiu appeals his jury conviction and sentence for conspiracy to distribute heroin and distribution of heroin. 21 U.S.C. §§ 841, 846. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Chiu contends the district court erred by denying his motion to disclose the identity of a confidential informant. We review for abuse of discretion. United States v. Sai Keung Wong, 886 F.2d 252, 255 (9th Cir.1989). The government has only a limited privilege to withhold the identity of a confidential informant, but the burden of proof is on the defendant to show the need for the disclosure. Id. at 255-56. The district court must balance the relevance of the testimony to the defendant's case, "especially in terms of the relationship between the asserted defenses and the likely testimony of the informant," id. at 255, with the government's interest in protecting the safety of the informant. Id. at 256.
 
 
 5
 Chiu argues that the government's confidential informant was a material percipient witness and that he might have provided information exonerating Chiu as the San Francisco supplier of heroin. The government asserts that the informant never met Chiu, never spoke to Chiu, and never negotiated with him. In an in camera declaration, the informant denied having met Chiu and stated that he never identified the source of the San Francisco heroin. This information indicates that the informant's testimony likely would not have been relevant to Chiu's defense that he was not the source of heroin in San Francisco. On the other side of the equation, the informant was at the time of Chiu's trial engaged in undercover operations, and disclosure of his identity would have risked his safety. Moreover, there were other percipient witnesses to the heroin transactions who testified at trial. See United States v. Long, 533 F.2d 505, 508 (9th Cir.1976).
 
 
 6
 We have examined the contents of the in camera declaration, and we hold the district court was justified in declining to conduct an in camera hearing. Sai Keung Wong, 886 F.2d at 256. The defendant must present more than a mere suspicion that the informant's testimony would prove helpful. United States v. Buffington, 815 F.2d 1292, 1299 (9th Cir.1987). The district court did not abuse its discretion by concluding that the government's need to protect the identity of the informant outweighed the relevance of the testimony to the defense.
 
 II
 
 7
 Chiu contends that the jury instruction on the conspiracy charge was erroneous. The parties agree that the initial conspiracy instruction given by the district judge misstated the law by including an overt act requirement. The Supreme Court in United States v. Shabani, 513 U.S. 10 (1994), held that an overt act was not required under 21 U.S.C. § 846. After the judge read the erroneous instruction, the government objected, informing the court that the instruction was erroneous. The government suggested that the jury be reinstructed, and Chiu objected. Over Chiu's objection, the judge reinstructed the jury, stating the proper elements of conspiracy.
 
 
 8
 Chiu contends on appeal that the first, erroneous, conspiracy instruction constitutes reversible error. Because Chiu did not object to this instruction at trial, we review the instruction for plain error and we will reverse only in exceptional circumstances. United States v. Hegwood, 977 F.2d 492, 495 (9th Cir.1992). Proper subsequent instructions may cure an erroneous initial charge, and we hold that the improper initial conspiracy instruction was harmless error. See People of the Territory of Guam v. Ignacio, 852 F.2d 459, 461 (9th Cir.1988) ("Because the trial judge used the correct instruction at the end of the trial, and because the correct instruction was the only instruction given to the jury to take with them to the jury room, it is presumed that the jury followed the correct instruction."). Particularly because the erroneous instruction placed a greater burden of proof on the government, Chiu has not demonstrated that the erroneous instruction, cured by the proper instruction, was prejudicial.
 
 III
 
 9
 Chiu next argues that the district court erred by enhancing his sentence for his role in the offense pursuant to U.S.S.G. § 3B1.1. Guidelines § 3B1.1 permits a four level enhancement if the defendant was an organizer or leader of illegal activity. We review for clear error a district court's determination that a defendant was an organizer or leader. United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995). The district court does not need to make specific factual findings in support of the upward adjustment. Id.
 
 
 10
 The commentary to Guidelines § 3B1.1 indicates that in determining whether the defendant was a leader or organizer, the court should consider "the exercise of decision-making authority, the nature of the participation in the offense, recruitment of accomplices, right to a larger share of the profits, degree of participating in the planning, the nature and scope of the activity and the degree of control and authority exercised over others ..." United States v. Castro, 972 F.2d 1107, 1112-13 (9th Cir.1992).
 
 
 11
 There is ample support in the record for the conclusion that Chiu was a leader or organizer of the criminal activity. There is evidence that Chiu recruited accomplices, exercised control over the planning of the activity, had decisionmaking authority, and claimed a right to a larger share of the profits. Although this evidence is not entirely uncontradicted, the district court did not err in adjusting Chiu's sentence for his role as an organizer or leader under Guidelines § 3B1.1.
 
 IV
 
 12
 Chiu also contends that the district court erred in refusing to grant a downward departure for acceptance of responsibility under Guidelines § 3E1.1. We review for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990).
 
 
 13
 The district court did not commit a clear error in refusing to decrease Chiu's sentence for acceptance of responsibility. When Chiu was first arrested he denied any involvement in the activity for which he was later convicted. Moreover, Chiu refused to sign a plea agreement and forced the government to trial, contending throughout that he was not guilty. These facts are sufficient to support the district court's refusal to decrease Chiu's sentence under Guidelines § 3E1.1.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3