**Alfred Eugene MACHADO,
Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden;  et al.,
Respondents–Appellees.**

No. 05–15669.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Alfred Eugene Machado, Vacaville, CA, pro se.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Carolyn M. Wiggin, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Daniel J. Kossick, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

### MEMORANDUM **

California state prisoner Alfred Eugene Machado appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *see McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

The State contends that this Court lacks jurisdiction because there is no federally protected interest in parole release in California, and thus, Machado has failed to state a federal claim. This contention is foreclosed. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127–28 (9th Cir. 2006).

Machado contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights because it was not supported by some evidence. We disagree. Our independent review of the record, *see Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002), reveals no due process violation

because the Board based its decision on several factors, and some evidence supports its decision. *See Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *see also Sass,* 461 F.3d at 1128–29.

Machado next contends that the Board was not authorized to determine his sentence, and that, with the calculation of credits, he is entitled to be released. This contention is unpersuasive as Machado was sentenced to an indeterminate term, and cannot be released until the Board finds him suitable for parole. *See Bennett v. California,* 406 F.2d 36, 38 (9th Cir. 1969) (stating that the constitutionality of indeterminate sentence laws like California's and of the delegation of the power to fix and refix terms and grant and revoke parole is well-established).

Machado finally contends that the Board violated his due process rights because it was biased against him. This contention is conclusory and unsupported by the record, and, thus, is unpersuasive. *See Jones v. Gomez,* 66 F.3d 199, 204 (9th Cir.1995).

Accordingly, the state court's decision was not contrary to, and did not involve an unreasonable application of, federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.