**Davon D. BRAZIL, Petitioner—Appellant,**

v.

**Thomas L. CAREY; et al., Respondents—Appellees.**

**No. 05–17372.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Davon D. Brazil, Vacaville, CA, pro se.

Daniel J. Kossick, Krista Leigh Pollard, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Davon D. Brazil appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

28 U.S.C. § 2253. We review de novo, *McQuillion v. Duncan*, 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

Brazil contends that the California Department of Corrections' ("CDC") categorization of him as a "life prisoner" demonstrates that the CDC impermissibly increased the 15–years–to–life sentence imposed by the trial court. We reject this contention because there is no evidence that Brazil's sentence has changed and because the term "life prisoner" specifically applies to a prisoner who, like Brazil, is serving a 15–years–to–life indeterminate term following a conviction for second degree murder. *See* Cal.Code Regs. tit. 15, § 2000(b)(3); *see also Bennett v. California*, 406 F.2d 36, 38 (9th Cir.1969) (stating that the constitutionality of indeterminate sentence laws like California's and of the delegation of the power to fix and refix terms and grant and revoke parole is well-established).

We also reject Brazil's contention that the CDC failed to apply earned sentence reduction credits as belied by the record.

All pending motions are denied.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.