MEMORANDUM ***
Sharon Lee Caulder (“Caulder”) appeals her conviction for committing bankruptcy fraud in violation of 18 U.S.C. § 152(1) and for failing to file federal income tax returns for the years 1998-2003, in violation of 26 U.S.C. § 7203. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we AFFIRM.

Jury Instructions

In giving its preliminary jury instructions, the district court neither abused its discretion nor committed plain error. See United States v. Shipsey, 363 F.3d 962, 966 n. 3 (9th Cir.2004) (explaining that instructions objected to during trial are reviewed for abuse of discretion); Jones v. United States, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999) (explaining that instructions not objected to at the trial court are reviewed for plain error); United States v. Recio, 371 F.3d 1093, 1099-1100 (9th Cir.2004) (same).
The instructions as a whole were accurate statements of the law, were adequate to guide the jury’s deliberations, and did not mislead or prejudice the jury. See United States v. Garcia-Rivera, 353 F.3d 788, 792 (9th Cir.2003) (“In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury’s deliberation.”) (internal citations omitted). See also People of Guam v. Ignacio, 852 F.2d 459, 461 (9th Cir.1988) (“General orientation at the beginning of a trial should be cautiously worded, but it will not require reversal unless it produces prejudice or misleads the jury in a material way.”) To the extent that the instructions contained irrelevant information, any error was cured by the final instruction given after closing argument. See Ignacio, 852 F.2d *18 at 461 (concluding that the district court did not commit reversible error where erroneous preliminary instruction was corrected with an accurate closing instruction).

Psychiatric Records

We have conducted an independent review of the psychiatric records of witness Michael de la Cruz (“de la Cruz”) and conclude that the district court did not abuse its discretion in declining to release the records to Caulder. See United States v. Sterling, 742 F.2d 521, 527 (9th Cir.1984) (reviewing district court’s determination not to allow defense counsel access to psychiatric records after in camera review for abuse of discretion).
The records were of limited relevance and any pertinent information contained in them was brought out during the trial by other means. See United States v. Antone, 981 F.2d 1059, 1061-1062 (9th Cir.1992) (concluding that the district court did not err when it refused to allow release of sexual abuse victim’s counseling records where they were not relevant to the victim’s veracity or credibility, and where the fact of her having seen a counselor was brought out during trial even absent the records). There is nothing to suggest that the additional testimony that Caulder sought “would have provided the defense with a new and different ground of impeachment.” See Silva v. Brown, 416 F.3d 980, 989, 991 (9th Cir.2005) (holding that it was error for the district court to affirm a conviction where the defendant did not have access to evidence which would have provided a number of new and different grounds for impeachment of a government witness).

Limitation on Cross Examination

The district court did not abuse its discretion in limiting the cross examination of de la Cruz. See United States v. Sua, 307 F.3d 1150, 1153 (9th Cir.2002) (explaining that a district court’s decision to limit cross examination of a witness is reviewed for abuse of discretion).
The testimony was of limited relevance. See Fed.R.Evid. 403. The jury had adequate evidence with which to assess de la Cruz’s biases and credibility, and Caulder was not prejudiced by the limitation. See United States v. Bensimon, 172 F.3d 1121, 1128 (9th Cir.1999) (holding that a confrontation clause violation occurs only if the trial court’s ruling, “limits relevant testimony ... prejudices the defendant ... and denies the jury sufficient information to appraise the biases and motivations of the witness.” (internal quotation marks and citations omitted)). Finally, there is nothing to suggest that the testimony sought would have given the jury a “significantly different impression of [de la Cruz’s] credibility.” Olden v. Kentucky, 488 U.S. 227, 232, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988) (internal citations omitted) (holding it was error to exclude testimony that would have given the jury a “significantly different impression” of a key witness’s credibility).

Sentence

Because Caulder did not object at the district court level on the grounds that the district court did not sufficiently address and apply the factors listed in 18 U.S.C. § 3553(a), and because she did not object at the district court level to the reasons given for her sentence, we review this claim for plain error. See United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir.2006). See also United States v. Miqbel, 444 F.3d 1173, 1176 (9th Cir.2006).
The district court did not commit plain error because it properly considered the factors under 18 U.S.C. § 3553(a). See United States v. Menyweather, 447 F.3d 625, 629 (9th Cir.2006) (explaining that post-Booker, the district court “shall con *19 sider” the factors under 18 U.S.C. § 3553(a) in determining its sentence). See also United States v. Diaz-Argueta, 447 F.3d 1167, 1171 (9th Cir.2006) (“To comply with Booker’s requirement that the district court sufficiently consider the factors listed in § 3553(a) does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence.”) (internal quotation marks omitted).
Caulder’s within-Guidelines sentence was also reasonable. The district court considered Caulder’s arguments for a lower sentence, reviewed her documents in support of those arguments, considered the Guidelines and the factors under 18 U.S.C. § 3553(a), and finally concluded that a within-Guidelines sentence was appropriate. See Rita v. United States, — U.S. -, 127 S.Ct. 2456, 2470, 168 L.Ed.2d 203 (2007) (concluding that the district court did not err where it considered the defendant’s arguments but simply determined that the “special circumstances [were not] special enough that, in light of § 3553(a), they require[d] a sentence lower than the sentence the Guidelines provide[d]).” The district court did not abuse its discretion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.