**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Clarence DEE, Defendant—Appellant.**

**No. 07–10525.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed March 16, 2009.

Randall M. Howe, Esquire, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, Assistant Federal Public Defender, FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: NOONAN, BERZON and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Clarence Dee appeals his conviction and sentence on two counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2241(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### I

Dee alleges several instances of prosecutorial misconduct. We review the district court's response to an objection on the grounds of prosecutorial misconduct, including denial of a mistrial, for abuse of discretion. *United States v. Mitchell,* 502 F.3d 931, 970 (9th Cir.2007) (citing *United States v. Steele,* 298 F.3d 906, 910 (9th Cir.2002)). Dee has not met his burden of proving that the prosecutor's conduct was improper or that the conduct prejudicially affected his substantial rights. *See United States v. Yarbrough,* 852 F.2d 1522, 1538 (9th Cir.1988); *United States v. Daychild,* 357 F.3d 1082, 1099 (9th Cir.2004) (defendant bears the burden of establishing prosecutorial misconduct).

■ The prosecutor's limited references during trial to the victim as "the victim" do not rise to the level of prosecutorial misconduct. *See, e.g., People of Territory of Guam v. Ignacio,* 852 F.2d 459, 462 (9th Cir.1988) (finding no prejudicial error where prosecutor referred to the people of the Territory of Guam as victims in closing argument). The isolated references did not cause any prejudice and, in any event,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

were remedied by the district court's curative instructions.

■ The new detail brought out in the victim's trial testimony did not violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The allegedly suppressed evidence was (1) not exculpatory or favorable to Dee (because it was not inconsistent with the victim's prior statements), (2) was not intentionally suppressed by the government, and (3) was not material to the elements of the charged offense. *See United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir.2007). Given that Dee was able to cross-examine the victim about the new detail, Dee has also failed to show any probability that the outcome of the trial would have been different if the government had disclosed the new detail when they first heard it on the day before trial.

■ The prosecutor's questioning of the sexual assault examiner on the issue previously precluded by the district court was not misconduct and resulted in no error. Given the defense's line of questioning, the subject matter of the prosecutor's question was not new territory, and it was not unreasonable for the prosecutor to conclude that the defense had opened the door to further inquiry. In any event, after the judge sustained the Defense's objection, he gave a curative instruction which remedied any possible prejudice to Dee. *See United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir.2006) ("A judge's prompt corrective action in response to improper comments usually is sufficient to cure any problems arising from … improper comments.").

■ The prosecutor's statement in closing argument about the absence of testimony regarding consensual sex did not shift the burden of proof or result in plain error. *See United States v. Mitchell*, 502 F.3d 931, 970 (9th Cir.2007) (prosecutorial "conduct to which the defendant failed to object is reviewed for plain error"). Even if there were error, it was cured by the jury instructions clarifying that the government had the burden of proof. *See id.*

Viewing the prosecutor's conduct in the context of the entire trial, the conduct did not likely affect the jury's ability to discharge its duty to judge the evidence fairly. *See United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir.2008).

## II

■■ The district court did not err in admitting the officer's testimony regarding the victim's statement. The victim experienced an ongoing state of danger and severe stress as he fled and hid from his pursuing assailant. Considering the young age of the victim, the circumstances of the assault and subsequent escape, the fact that the defendant was pursuing the victim as he attempted to escape, and the fact that the victim made the statement at the first real opportunity to report the incident, the district court did not err in finding that the statement qualified as an excited utterance. *See* Fed.R.Evid. 803(2); *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir.1995). Further, Dee did not object to admission of similar statements made by the victim to the sexual assault examiner. It was also not plain error to admit those statements, which were made for the purposes of communicating medical history for the purpose of diagnosis and treatment. *See* Fed.R.Evid. 803(4); *United States v. George*, 960 F.2d 97, 99–100 (9th Cir.1992).

## III

■ Regarding the government's alleged failure to collect and preserve evidence, Dee has failed to show (1) that officers acted in bad faith and (2) that the

allegedly destroyed evidence "both possess[ed] an exculpatory value that was apparent before the evidence was destroyed, and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The government does not have "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). Any "failure to preserve evidence that is only potentially useful does not violate due process in the absence of bad faith on the part of the [government]." *Miller v. Vasquez,* 868 F.2d 1116, 1120 (9th Cir.1989). The district court did not clearly err in finding no evidence of bad faith. *See Leon v. IDX Systems Corp.,* 464 F.3d 951, 957–58 (9th Cir.2006). In any event, Dee's counsel was allowed to argue that the jury should draw an adverse inference from the fact that some evidence was not collected or was not preserved, which he did during his closing argument. In the absence of bad faith [1] and prejudice, the district court did not err in refusing to give an adverse inference instruction. *United States v. Artero,* 121 F.3d 1256, 1259–60 (9th Cir.1997) (stating that adverse inference instruction warranted only when there is (1) evidence of bad faith or connivance on the part of the government, and (2) prejudice suffered by the defendant from the loss or destruction of the evidence).

## IV

■ Because we conclude that there was no prosecutorial misconduct or trial error, there can be no reversible cumulative error. *See United States v. Martinez–Martinez,* 369 F.3d 1076, 1090 (9th Cir.2004) ("[T]he 'cumulative error' analysis is inapposite [where] .... [the] Defendant has failed to demonstrate any erroneous decisions by the trial court."). Even if we were to assume some *de minimis* prosecutorial misconduct and trial error, viewing the cumulative effect of any such errors in the context of the entire trial, it was "[un]likely to have affected the jury's discharge of its duty to judge the evidence fairly." *United States v. Sullivan,* 522 F.3d 967, 982 (9th Cir.2008) (internal quotation marks and citation omitted).

## V

■ Citing *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), Dee contends that the district court's application of the relevant sexual abuse sentencing guideline was error, because the Guideline was not the product of a deliberative process by the U.S. Sentencing Commission and, therefore, not entitled to any deference. Dee did not raise this issue at sentencing, and we therefore review it only for plain error. *See United States v. Waknine,* 543 F.3d 546, 551 (9th Cir.2008) (citations omitted). The sentencing judge fully considered the relevant sentencing factors under 18 U.S.C. § 3553(a) and correctly calculated the Guideline range. Consistent with *Kimbrough,* the judge acknowledged that the Guidelines are advisory and gave due consideration to Dee's request for a downward variance. The judge listened to

---

1. Contrary to Dee's assertion, *Ritchie v. United States,* 451 F.3d 1019, 1025 (9th Cir.2006) and *Kronisch v. United States,* 150 F.3d 112 (2d Cir.1998) involved civil suits against the government under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") and do not alter the proof required to receive an adverse inference instruction in a criminal case.

those wishing to speak on Dee's behalf and gave Dee a chance to speak. But, given the nature of the offense and the fact that Dee was previously convicted of a similar sexual abuse offense against a young boy, the judge indicated an unwillingness to vary from the Guidelines, adopted the Presentence Report, and imposed a reasonable sentence at the low end of the range. Accordingly, there was no plain error in sentencing.

**AFFIRMED.**